UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEY OYSTER, INC. | CIVIL ACTION |
| VERSUS | NO. 06-6786 |
| THE HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY | SECTION "N" (4) |

### ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment filed by Defendant Hartford Steam Boiler Inspection and Insurance Company ("HSB") (Rec. Doc. No. 31). As stated herein, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**. **IT IS FURTHER ORDERED** that Plaintiff's claims against HSB are **DISMISSED WITH PREJUDICE**.

**I.      Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party.  *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.   Analysis**

Plaintiff, an oyster processor, seeks to recover insurance proceeds from HSB for losses suffered as a result of Hurricane Katrina and its aftermath. The Court understands HSB's motion for summary judgment to seek dismissal of Plaintiff's insurance claims for lost inventory (oysters), lost business income, and additional freezer equipment repairs.[1]  With respect to these

---

[1] Despite having reviewed the parties' memoranda submitted in connection with HSB's motion, as well as the pleadings in this matter, several times, the Court is somewhat uncertain as to the specific relief sought by the parties. With respect to HSB, it is not sufficiently apparent to the Court that HSB is seeking reimbursement of the $981.39 that it has paid Plaintiff for equipment damage. Accordingly, on the showing made, such relief, if actually sought, is denied**.**

claims, the exact amount sought by Plaintiff for freezer equipment repairs exceeding the previously paid $981.39 is unclear.[2] In any event, the Court finds that Plaintiff has not demonstrated the existence of a triable issue regarding the proper interpretation and/or application of the policy provisions cited by HSB, or HSB's alleged waiver, with respect to any of its claims.

Indeed, the *only* argument that Plaintiff has offered in response to HSB's assertions of non-coverage under the policy is that the need for additional freezer repairs following restoration of power demonstrates that the sole cause of the freezer failure was not Hurricane Katrina's winds.[3] This argument fails for a number of reasons. First, the policy provides coverage only for damages that are "solely attributable" to the "'accident,'" as that term is defined by the policy.[4] Further, the policy provides no payment for excluded damages, "even though any other cause or event contributes concurrently or in any sequence" to those damages.[5] Finally, Plaintiff has offered no explanation of the necessary additional freezer repairs and how they are indicative of a covered cause of loss under the HSB policy.[6]

On the showing made, the Court likewise is not persuaded by Plaintiff's assertion that HSB's payment of the $981.39 for equipment repairs waived its policy defenses as to the remainder of Plaintiff's claims. This is particularly true given that the actual cost of the necessary electrical repairs, which were completed on or about November 14, 2005, apparently was less than a third of

---

[2] This figure represents $5,981.39 less a $5,000.00 deductible.

[3] *See* Plaintiff's Opposition (Rec. Doc. No. 41) at 4.

[4] *See* Exhibit I to HSB's Memorandum in Support of Motion for Summary Judgment (Rec. Doc No. 31-7) at HSB 0010.

[5] *Id*. at HSB 0013-14.

[6] *See* Plaintiff's Opposition (Rec. Doc. No. 41) at 4.

the estimated cost of projected repairs that was provided to HSB for payment on or about January 4, 2006.[7]  Nor has Plaintiff pointed to evidence creating a genuine issue of material fact regarding its detrimental reliance on HSB's representations.[8]  Finally, the October 31, 2005 letter from HSB to Plaintiff stated that losses caused by high wind, including the perishable goods lost because of power failure, were not covered.[9]  The letter further states that none of HSB's rights under its policy's provisions and conditions are being waived.[10]

### III.     Conclusion

For the foregoing reasons, **IT IS ORDERED** that HSB's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.  **IT IS FURTHER ORDERED** that Plaintiff's claims against HSB are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __8th__, day of November 2007.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[7]     *See* Exhibits N and EE to HSB's Memorandum in Support of Motion for Summary Judgment (Rec. Doc. Nos. 31-11 and 31-13).

[8]     *See* Plaintiff's Opposition (Rec. Doc. No. 41) at 4.

[9]     *See* Exhibit A to Plaintiff's Opposition (Rec. Doc. No. 41-4) at JO 0020.

[10]    *Id.*